| | |
|---|---|
| 1 | Leo P. Norton (SBN 216282) |
| 2 | JACKSON LEWIS, P.C. |
|   | 200 Spectrum Center Dr, Ste 500 |
| 3 | Irvine, CA 92168 |
| 4 | Telephone: (949) 299-4130 |
|   | Leo.Norton@jacksonlewis.com |
| 5 | |
| 6 | Lara P. Besser (SBN 282289) |
|   | Gabriella S. Han (SBN 322932) |
| 7 | JACKSON LEWIS P.C. |
| 8 | 225 Broadway, Suite 1800 |
|   | San Diego, CA  92101 |
| 9 | Telephone:  (619) 573-4900 |
| 10 | Facsimile:  (619) 573-4901 |
|   | Lara.Besser@jacksonlewis.com |
| 11 | Gabriella.Han@jacksonlewis.com |
| 12 | |
|   | Attorneys for Defendant |
| 13 | THERMO FISHER SCIENTIFIC INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICKES, and individual, on behalf of himself, all others similarly situated, and all other aggrieved employees, | Case No.: **'25CV0690 GPC JLB** |
| Plaintiffs, | **DEFENDANT THERMO FISHER SCIENTIFIC INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)** |
| vs. | |
| THERMO FISHER SCIENTIFIC INC., a Delaware corporation, and DOES 1-20, inclusive, | |
| Defendant(s). | *[Filed concurrently with Civil Cover Sheet; Declarations of Leo Norton, and Christine Dionne, and Exhibits Thereto; Corporate Disclosure Statement; and Notice of Interested Parties]* |
| | State Complaint Filed:   9/26/2024 |

1

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

TO THE COURT, PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Thermo Fisher Scientific Inc. ("Thermo Fisher") hereby invokes this Court's jurisdiction under 28 U.S.C. sections 1332 and 1441(b) and removes the above-entitled action from the Superior Court of the State of California in and for the County of San Diego (the "Superior Court") to the United States District Court for the Southern District (the "Court").

Pursuant to 28 U.S.C. section 1446, the grounds for removal are as follows:

## I.   PRELIMARY STATEMENT OF JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. section 1332(a)(1), and therefore, this case may be removed to this Court under 28 U.S.C. section 1441, in that it is a civil action between citizens of different states, and the amount placed in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). As set forth below, jurisdiction within this Court is proper and the action is timely and properly removed upon the filing of this Notice of Removal.

## II.   PROCEDURAL BACKGROUND

2. On September 26, 2024, Plaintiff Scott Rickes ("Plaintiff") filed a Complaint on behalf of himself and other aggrieved employees against Thermo Fisher in the Superior Court of California for the County of San Diego, Case No. 24CU013384C ("State Court Action."). A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of Leo P. Norton filed concurrently herewith ("Norton Decl.") at paragraph 2.

3. Plaintiff asserts the following claims in the State Court Action Complaint: (1) Discrimination on the Basis of Age; (2) Failure to Prevent Discrimination; (3) Wrongful Termination in Violation of Public Policy; (4) Failure to Provide Accurate Wage Statements; (5) Failure to Produce Copies of Wage Statements Upon Request; and (6) Representative Action For Civil Penalties Under California Private Attorneys General Act. ('Complaint") (*See* Complaint, Exh. A, generally.)

2

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

4. On February 21, 2025, Thermo Fisher's counsel executed a Notice and Acknowledgment of Receipt of the Summons and Complaint and related papers, and returned it by electronic mail on behalf of Thermo Fisher. A true and correct copy of the executed Notice and Acknowledgment of Receipt is attached as **Exhibit B** to the Norton Decl. at paragraph 3.

5. On March 11, 2025, Plaintiff's counsel served Thermo Fisher's counsel by email with Plaintiff's Case Management Statement in advance of a case management conference set to be conducted by the Superior Court on March 14, 2025, which Thermo Fisher, who had yet to appear in the case, did not attend. A true and correct copy of the Plaintiff's Case Management Statement is attached as **Exhibit C** to the Norton Decl. at paragraph 4.

6. As of the date of this Notice of Removal, the items referenced in **Exhibits A through C**, constitute the only pleadings or papers received or filed by Thermo Fisher in this matter, and no further proceedings have occurred in the state court. (Norton Decl., ¶ 5.)

### III. <u>REMOVAL IS TIMELY</u>

7. Removal is timely because it is filed within 30 days after service of the Summons and Complaint, which occurred on February 21, 2025 when Thermo Fisher's counsel executed the Notice and Acknowledgment of Receipt, and as such, it satisfies the time set under 28 U.S.C. section 1446(b) for removal. The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

8. Thermo Fisher is informed and believes that it is the only named defendant in the Complaint and that no other party has been properly joined or served with the Complaint. 28 U.S.C. § 1446(2)(A) ("all defendants who have been properly joined and served must join in and consent to the removal of the action.").

///

## IV. NOTICE TO SUPERIOR COURT AND ALL PARTIES

9. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the San Diego Superior Court. As such, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## V. VENUE IS PROPER

10. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. This action was initially filed in San Diego County Superior Court, which sits within the Southern District of California. 28 U.S.C. §§ 84(d). Accordingly, for purposes of Removal, venue properly lies in this District Court.

## VI. DIVERSITY JURISDICTION EXISTS

12. This case meets the requirements of 28 U.S.C. section 1332(a) and may be removed to this Court pursuant to 28 U.S.C. section 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

### A. The Parties Are Citizens of Different States

13. Complete diversity of jurisdiction exists in that Plaintiff and Thermo Fisher are citizens of different states.

14. Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

#### i. Plaintiff is a Citizen of California

15. For diversity jurisdiction purposes, citizenship is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence

4
**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

and citizenship are not the same, a person's place of residence is prima facie evidence of their citizenship. *Lew*, 797 F.2d at 751 (holding allegation of residency created a presumption of continuing residence in state and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Further, a person's intention to remain may be established by their place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009); *see also, Francisco v. Emeritus Corp.,* 2017 U.S. Dist. LEXIS 90131, at *10 (C.D. Cal. June 12, 2017). ("Plaintiff's residence and employment in California are sufficient evidence of his intent to remain in California.").

16. Per the Complaint, "Plaintiff is a resident of the State of California." (Complaint, ¶ 3). Further, Plaintiff filed her Complaint in the Superior Court of the State of California for the County of San Diego regarding his employment and is seeking the protections of the laws of California. (*Id*. at ¶¶ 2-3.) Accordingly, Plaintiff is a California citizen within the meaning of 28 U.S.C. section 1332(a). *See, e.g., Zavala v. Deutsche Bank Tr. Co. Ams.*, 2013 U.S. Dist. LEXIS 96719, at *9 (N.D. Cal. July 10, 2013) ("A party's residence is 'prima facie' evidence of domicile. In the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.") (internal citations omitted).

    **ii.**  **Thermo Fisher is a Citizen of Delaware and Massachusetts**

17. A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

18. With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp.*, 559 U.S. at 80-81. Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall

5
**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id*.

19. Thermo Fisher was, at the time of filing of the Complaint, and still is, a corporation incorporated in the State of Delaware. (Declaration of Christine Dionne ("Dionne Decl."), ¶ 2).

20. At all relevant times, Thermo Fisher's principal place of business is located at 168 Third Avenue, Waltham, Massachusetts 02451, which is where their primary executive, administrative, financial, and management functions are conducted and where most of their executive officers direct, control, and coordinate their business activities. Thermo Fisher is organized under the laws of the State of Massachusetts (Dionne Decl. ¶ 2).

21. A true and correct copy of the California Secretary of State Business Portal printout relating Thermo Fisher's corporation status are attached as **Exhibit D** and to the Norton Decl. at ¶6, filed concurrently herewith. These printouts identify Thermo Fisher as Delaware corporation and with its principal and mailing address in Massachusetts.

22. In sum, Plaintiff is a citizen of California, and Thermo Fisher is a citizen of Delaware and Massachusetts.

23. The only other defendants named in the Complaint are fictitious parties identified as "Does 1 through 20," whose citizenship shall be disregarded for purposes of removal. See 28 U.S.C. § 1441(b)(1).

24. Accordingly, with Plaintiffs as a citizen of California, and Thermo Fisher as a citizen of Delaware and Massachusetts, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. section 1332.

**B.  Plaintiff's Allegations Place More than $75,000 in Controversy**

25. Without conceding liability or that Plaintiff is entitled to damages or any other relief or can recover damages in any amount whatsoever, and for purposes of removal only, the amount in controversy here easily exceeds the $75,000 required for removal based on traditional diversity jurisdiction. Under 28 U.S.C. section 1332(a), the amount in

controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) ("[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sums or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

26. Where the plaintiff's complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996). That is, a plaintiff's failure to specify in the complaint the total amount of damages they seek does not deprive this Court of jurisdiction.

27. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgment-type evidence. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 908 (9th Cir. 2005); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Further, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Forever Living Prods. U.S. Inc. v. Geyman*, 471 F.Supp. 2d 980, 986 (D. Ariz. 2006) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 2d 993, 1001 (C.D. Cal. 2002).

28. The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)). Additionally, alleged damages for each of Plaintiff's individual claims should be aggregated in determining whether the controversy exceeds $75,000.

*Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant").

29. Further, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[;but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 417–18.

30. Attorney's fees also may be considered to determine the jurisdictional amount. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56, *see also Alvarado v. Home Depot U.S.A., Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy).

31. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

32. Here, Plaintiff, among other relief, seeks: (1) compensatory damages; (2) general damages; (3) punitive damages; (4) liquidated damages; (5) statutory and civil penalties; (6) – (7) attorneys' fees and costs; (8) prejudgment interest; (9) post-judgment interest, (10) declaratory relief and (11) injunctive relief. (Ex. A, Compl., Prayer for Relief ¶¶ 1-11).

33. Thermo Fisher has a reasonable, good faith belief that Plaintiffs seek damages in excess of the jurisdictional requirement of $75,000.00, based upon Plaintiff's allegations and Prayer for Relief, for the following reasons:

### i.     Economic Damages (Lost Wages)

34. Plaintiff alleges financial losses, including loss of earnings. (*Id.* Ex. A, Compl., ¶ 33).

35. Economic damages may include an award of lost earnings, which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial. *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983). Lost wages are generally measured by the employee's projected earnings and benefits over the period of time until he or he is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004). "Where a trial date is not yet set, courts in employment cases have found that a year from the date of removal is a conservative estimate" for lost wages. *Reese v. Daikin Comfort Techs. Distrib., Inc.*, 2024 U.S. Dist. LEXIS 66612, *12 (C.D. Cal. Apr. 10, 2024).

36. Here, at the time of his termination on August 21, 2023, Plaintiff was paid an annual base salary of **$189,463.68** (paid using a 40-hour workweek) (*See* Complaint at ¶23; Dionne Decl. at ¶3). Although Thermo Fisher disputes Plaintiff's allegations, for purposes of removal only, assuming one year of pay, Plaintiff could potentially recover over $189,463.68 in economic damages for lost wages, which far exceeds the amount in controversy threshold.

### ii. Emotional Distress Damages

37. Although Thermo Fisher vigorously denies Plaintiff's emotional distress allegations, if Plaintiff were to prevail, an award for emotional damages alone could exceed the $75,000 jurisdictional minimum. *See, e.g. Reese*, 2024 U.S. Dist. LEXIS 66612 at *14 (accepting defendant's contention that emotional distress damages are at least $56,881); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (awarding $250,000 for pain and suffering in discrimination case); *Kimberly Landis v. Pinkertons, Inc.*, 122 Cal.App.4th 985, 988 (2004) (awarding $275,000 emotional distress damages in wrongful termination case). Here, given the amount of lost wages, an award

of at least $50,000 is a conservative assumption for Plaintiff's claimed emotional distress damages.

### iii. Punitive Damages

38. Although there is no bright-line rule about the maximum ratio due process permits between the harm suffered by the plaintiff (*i.e.*, the compensatory damages) and the punitive damage, the Supreme Court has noted that punitive "awards exceeding a single-digit ratio" will rarely satisfy due process, and punitive awards exceeding four times the amount of compensatory damages "might be close to the line of constitutional impropriety." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Here, while Thermo Fisher disputes Plaintiff's request for punitive damages, for purposes of removal only, assuming the $189,463.68 in economic damages and $50,000 in emotional distress damages, and pursuant to awards exceeding four times the rate of compensatory damages, Plaintiff's punitive damages award alone would greatly exceed $75,000 as it would potentially be $957,854.72 or more.

### iv. Attorneys' Fees

39. Notwithstanding the above, Plaintiff also seeks attorneys' fees. (Complaint, Prayer ¶ 6). Attorneys' fees are recoverable by the prevailing party under FEHA. *See* Cal. Gov. Code § 12965. Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). As such, the Court may consider Plaintiff's request for attorneys' fees in assessing the amount in controversy requirement.

40. To take Plaintiff's individual claims from filing of the complaint to discovery and through trial will involve at least 100 hours of attorney time. Indeed, courts in this district have routinely found that 100 hours is a "conservative" estimate of how much time attorneys litigate individual employment cases. *Garcia v. Commonwealth Fin. Network*, No. 20-cv-1483-BAS-LL, 2020 U.S. Dist. LEXIS 220533, 2020 WL 6886267, at *8 (S.D. Cal. Nov. 24, 2020); *see also Ott v. Cooper Interconnect, Inc. A Corp.*, 2023 U.S. Dist. LEXIS 151475, at *11-12 (C.D. Cal. August 25, 2023).

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

41. Here, Plaintiff is represented by Stacey Mouton of Mouton Law. (Complaint; Norton Decl. ¶ 7 & **Exhibit E**.) Ms. Mouton was admitted to the California bar in 2019 (https://apps.calbar.ca.gov/attorney/Licensee/Detail/324959). (*Id*.) Based on Plaintiff's counsel's experience, it is not unreasonable to expect a blended billing rate of at least $550. (Norton Decl., ¶¶ 7-8); *Cruz v. Nike Retail Servs, Inc.*, 346 F.R.D. 107, 117 (S.D. Cal. Apr. 3, 2024) (finding an hourly rate of $550 to be "reasonable" in employment cases) *see also Velazquez v. Costco Wholesale Corp.*, 2013 U.S. Dist. LEXIS 202124, at *7 (C.D. Cal. Mar. 11, 2013) (finding an hourly rate of $600 to be "reasonable" in employment case); *Anderson v. Nextel Retail Stores, LLC*, 2010 U.S. Dist. LEXIS 71598, at *24 (C.D. Cal. June 30, 2010) (noting that hourly billing rates ranging from $450 to $515 for associates and $600 to $750 for partners are reasonable in a "straightforward wage-and-hour litigation"). At a blended rate of $550/hour, attorneys' fees would reach $55,000 after just 100 billable hours. (*See* Norton Decl., ¶ 7.)

42. In sum, the amount in controversy requirement for traditional diversity jurisdiction is easily satisfied. Even without considering several of Plaintiff's individual claims, the amount in controversy is at least $1,252,318.40 ($189,463.68 (lost wages), + $50,000 (emotional distress) + $957,854.72 (punitive damages) + $55,000 (attorneys' fees)), which is far in excess of the $75,000 requirement.

43. Given the amounts of the potential damages at issue, Plaintiffs allegations satisfy the jurisdictional prerequisite for the amount in controversy.

### VII.    SUPPLEMENTAL JURISDICTION

44. To the extent any portion of Plaintiff's claims are not directly removable under 28 U.S.C. section 1332, such as Plaintiff's Class and representative PAGA claim, this Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367(a) because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction. *See, e.g., Campos v. DXP Enters.*, 2018 U.S. Dist. LEXIS 128720, *6-*8 (C.D. Cal. Mar. 4, 2018) (exercising supplemental jurisdiction over plaintiff's representative PAGA claim after finding court had subject matter jurisdiction based on

traditional diversity jurisdiction). *see also Chess v. CF Arcis IX LLC,* 2020 U.S. Dist. LEXIS 129652, *15 (N.D. Cal. July 22, 2020) (stating that the court need not reach the issue of CAFA jurisdiction because traditional diversity jurisdiction was established, and that the Court can exercise supplemental jurisdiction over other claims in the complaint because they arise from the same transaction or occurrence). Indeed, Plaintiff's representative PAGA claims assert the same alleged underlying violations and policies and practices as her individual claims. (Complaint ¶¶33, 41, 49, 68).

## VIII. CONCLUSION

WHEREFORE, Thermo Fisher prays the State Court Action now pending against it in the Superior Court be removed to this Court. If any question arises as to the propriety of removal of this action, Thermo Fisher respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its argument that removal is proper, particularly, but not limited to, any motion for remand.

DATED: March 24, 2025                    JACKSON LEWIS P.C.

By: /s/ Leo P. Norton
Leo P. Norton
Lara P. Besser
Gabriella S. Han

Attorneys for Defendant
THERMO FISHER SCIENTIFIC INC.

4900-0960-4137, v. 1

12
**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**