Leo P. Norton (SBN 216282)
JACKSON LEWIS, P.C.
200 Spectrum Center Dr, Ste 500
Irvine, CA 92168
Telephone: (949) 299-4130
Leo.Norton@jacksonlewis.com

Lara P. Besser (SBN 282289)
Gabriella S. Han (SBN 322932)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 573-4900
Lara.Besser@jacksonlewis.com
Gabriella.Han@jacksonlewis.com

Attorneys for Defendant
THERMO FISHER SCIENTIFIC INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICKES, and individual, on behalf of himself, all others similarly situated, and all other aggrieved employees,<br><br>Plaintiffs,<br><br>vs.<br><br>THERMO FISHER SCIENTIFIC INC., a Delaware corporation, and DOES 1-20, inclusive,<br><br>Defendant(s). | Case No.: 3:25-cv-00690-GPC-JLB<br><br>**DEFENDANT THERMO FISHER SCIENTIFIC INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY ACTION**<br><br><u>Hearing</u><br>Date: July 11, 2025<br>Time: 1:30 p.m.<br>Courtroom: 2D |

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 5

II. PLAINTIFF SHOULD BE COMPELLED TO ARBITRATE HIS INDIVIDUAL CLAIMS, HIS CLASS CLAIMS SHOULD BE DISMISSED, AND THIS ACTION SHOULD BE STAYED PENDING ARBITRATION .......... 6

A. The MDRA Is Enforceable Under Federal and California Law. .......... 6

B. There Is a Valid Agreement to Arbitrate Between Plaintiff and Thermo Fisher. .......... 6

C. Plaintiff Cannot Avoid Arbitration by Contending that the MDRA is Unconscionable. .......... 10

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashirwad v. Charter Communs., Inc.*,
21-cv-02101-AJB-DDL, 2023 U.S. Dist. LEXIS 47651 (S.D. Cal. Mar. 20, 2023) ....................7

*Bayer v. Neiman Marcus Holdings, Inc.*,
582 F. App'x 711 (9th Cir. 2014) ....................9, 10

*Bielski v. Coinbase, Inc.*,
87 F.4th 1003 (9th Cir. 2023) ....................6

*Carnival Cruise Lines, Inc. v. Shute*,
499 U.S. 585, 593-95, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991)....................6

*Castorena v. Charter Communs., LLC*,
18-cv-07981, 2018 U.S. Dist. LEXIS 236929, 2018 WL 10806903 (C.D. Cal. Dec. 14, 2018) ....................8

*Circuit City Stores, Inc. v. Najd*,
294 F.3d 1104, 1106 (9th Cir. 2002)....................7

*Craig v. Brown & Root, Inc.*,
84 Cal. App. 4th 416, 421 (2000))....................7

*Davis v. Nordstrom, Inc.*,
755 F.3d 1089 (9th Cir. 2014) ....................9

*Dohrmann v. Intuit, Inc.*,
823 Fed. Appx. 482 (9th Cir. 2020)....................7

*Hart v. Charter Communs., Inc.*,
814 Fed. Appx. 211 (9th Cir. 2020)....................7

*Knepper v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*,
No. 18-cv-00303-WHO, 2019 U.S. Dist. LEXIS 4980 (N.D. Cal. Jan. 9, 2019) ....................7

*Knutson v. Sirius XM Radio, Inc.*,
771 F.3d 559 (9th Cir. 2014) ....................6

*Pac. Dawn LLC v. Pritzker*,
831 F.3d 1166 (9th Cir. 2016) ....................6, 10

*Pearson v. P.F. Chang's China Bistro*, 2015 U.S. Dist. LEXIS 184157 (S.D. Cal. Feb. 23, 2015) .................................. 9

*Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223 (2012) .................................. 9

*Shulak v. Guaranteed Rate, Inc.*, 2:23-cv-00864-JWH-RAO 2024 U.S. Dist. LEXIS 184230 (C.D. Cal. Apr. 10, 2024) .................................. 6, 8, 9

*Stover v. Experian Holdings, Inc.*, 978 F.3d 1082 (9th Cir. 2020) .................................. 7

## I. INTRODUCTION

Plaintiff Scott Rickes ("Plaintiff") would have this Court believe that although he self-professes in his Complaint that he "was an exemplary employee," received multiple promotions, held the title of "Senior Manager Human Factors Engineering," and that "he was indispensable," he at times failed to read his work emails—despite the policy that he do so—and he does not remember receiving or reading ***four separate emails*** sent over a less than 40-day period regarding the arbitration agreement at issue. Credibility aside, whether Plaintiff read the notice emails and whether he remembers receiving them have no bearing on this motion. Plaintiff does not contest that Defendant Thermo Fisher Scientific Inc. ("Thermo Fisher") sent the four notice emails to his employee email account and that Thermo Fisher retrieved the emails from his account. These uncontested facts establish that Plaintiff received the four notice emails.

Notice of email receipt established, Thermo Fisher demonstrated in its motion that the four separate emails were clear and conspicuous and contained a hyperlink to the Mutual Dispute Resolution Agreement ("MDRA"), which, by its terms, did not require acknowledgement or signature to be binding. As such, Plaintiff was on inquiry or constructive notice of the MDRA and his failure to opt-out within the 45-day period manifested assent to the MDRA. The law is clear that inquiry or constructive notice and failure to opt-out forms a valid contract to arbitrate.

In his opposition, Plaintiff does not dispute that the MDRA: (1) covers all claims arising out of his employment or termination; (2) requires him to arbitrate his individual claims; and (3) contains a class action waiver. Moreover, Plaintiff does not challenge the MDRA on the grounds of unconscionability.

Because Plaintiff assented to the MDRA, Thermo Fisher's motion should be granted. Plaintiff's individual claims must be compelled to arbitration, the class claims must be dismissed, and this action should be stayed pending completion of arbitration. Plaintiff's purported representative claim under PAGA should likewise be stayed pending completion

of arbitration of Plaintiff's individual claims because Plaintiff's representative PAGA claim is dependent on his individual PAGA claim.

## II. PLAINTIFF SHOULD BE COMPELLED TO ARBITRATE HIS INDIVIDUAL CLAIMS, HIS CLASS CLAIMS SHOULD BE DISMISSED, AND THIS ACTION SHOULD BE STAYED PENDING ARBITRATION

### A. The MDRA Is Enforceable Under Federal and California Law.

Plaintiff does not challenge Thermo Fisher's arguments that: (1) the Federal Arbitration Act ("FAA") governs the MDRA; (2) the FAA favors enforcement of arbitration agreements; (3) the MDRA encompasses Plaintiff's claims; (4) Plaintiff's class claims must be dismissed pursuant to the class waiver in the MDRA; (4) Plaintiff's purported representative PAGA claim should be stayed pending final resolution of the arbitration proceeding; and (5) the MDRA is also enforceable under California law. As such, these issues are uncontested, and Plaintiff has waived any arguments to the contrary. *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016).

### B. There Is a Valid Agreement to Arbitrate Between Plaintiff and Thermo Fisher.

"[A]n arbitration agreement is a contract like any other." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1009 (9th Cir. 2023). "Under California law, mutual assent is a required element of contract formation." *Knutson v. Sirius XM Radio, Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). "Mutual assent may be manifested by written or spoken words, or by conduct," and "acceptance of contract terms may be implied through action or inaction." *Id*. (quoting *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850 (1999) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991)).

Numerous courts have found that employees can be bound by agreements to arbitrate where the employer's communications disclose that an employee's failure to opt out manifests assent to an implied-in-fact arbitration agreement. *Shulak v. Guaranteed Rate, Inc.*, 2:23-cv-00864-JWH-RAO 2024 U.S. Dist. LEXIS 184230, at *4, *8-9 (C.D. Cal. Apr. 10, 2024) (finding agreement to arbitrate where employee "'never bothered to open

or, much less, review'" the arbitration agreement presented electronically through email with identification of the location of the arbitration agreement and a follow up reminder email); *Knepper v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,* No. 18-cv-00303-WHO, 2019 U.S. Dist. LEXIS 4980, at *16-17 (N.D. Cal. Jan. 9, 2019) (collecting cases, including, among others, *Circuit City Stores, Inc. v. Najd,* 294 F.3d 1104, 1106 (9th Cir. 2002) and *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 421 (2000)).

Additionally, courts have found assent to an arbitration agreement where an employee does not sign or acknowledge the agreement if the employer provided inquiry or constructive notice of the arbitration agreement. *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1086 (9th Cir. 2020) ("notice—actual, inquiry, or constructive—is the touchstone for assent to a contract, and the resulting enforceability of changed terms in an agreement."); *Dohrmann v. Intuit, Inc.*, 823 Fed. Appx. 482, 483 (9th Cir. 2020) ("Mutual assent does not require that the offeree have actual notice of the terms of an arbitration agreement."); *Hart v. Charter Communs., Inc.*, 814 Fed. Appx. 211, 214 (9th Cir. 2020) (affirming district court's finding that inquiry notice of an arbitration agreement was sufficient to compel arbitration because billing notices sent to plaintiff with proposed contract terms were "clear and conspicuous").

Indeed, a different district court judge in this district found implied consent to an arbitration agreement in the employment context under nearly identical circumstances. *Ashirwad v. Charter Communs., Inc.*, 21-cv-02101-AJB-DDL, 2023 U.S. Dist. LEXIS 47651, *5-*6 (S.D. Cal. Mar. 20, 2023) (finding email announcement adequately incorporated the arbitration agreement and that the plaintiff impliedly consented to the arbitration agreement by failing to opt out within the designated period).

Here, the facts are undisputed that:

- Plaintiff was required to check his work emails.
- Thermo Fisher sent four separate emails about the MDRA to Plaintiff at his employee email account, and Thermo Fisher found these emails in Plaintiff's work email account and produced copies of them in support of this motion.

- In the first of the four emails, Thermo Fisher presented the MDRA electronically to Plaintiff with a call-to-action to review and acknowledge the MDRA and expressly notified Plaintiff that he had 45-days to decide to decline participating in the MDRA program by opting out.
- In the second through fourth emails, ***he was reminded three times that he had 45-days to opt out.***
- Each of the four emails contained a hyperlink to the MDRA.

The four emails were clear and conspicuous. They were sufficient to put a reasonably prudent employee on notice of the terms of the MDRA.

Plaintiff's statement in his declaration that he does "not remember receiving or reviewing" the emails does not change the outcome. (Doc. No. 11-1, at 2.)

Initially, Plaintiff's statement is far from definitive because he does not state that he did not receive the emails, only that he does not remember receiving them. Nor can he definitively state that he did not receive the emails because Thermo Fisher retrieved the emails from his employee email account.

Next, Plaintiff's failure to read the emails does not change the fact that he was on inquiry notice whether he chose to review the emails or not. *Shulak*, 2024 U.S. Dist. LEXIS 184230, at *9-*10 (finding consent to arbitration agreement and stating "[t]o the extent that Shulak argues that he was not aware of the 2021 Arbitration Agreement because he 'skimmed' and 'ignored' the document and the corresponding emails, the Court is unpersuaded"); *Castorena v. Charter Communs., LLC*, 18-cv-07981, 2018 U.S. Dist. LEXIS 236929, 2018 WL 10806903 at *4 (C.D. Cal. Dec. 14, 2018) ("Plaintiffs' failure to read their company email does not negate the sufficiency of the notice provided by Defendant announcing the roll-out of the arbitration program….A simple denial of receipt is insufficient to rebut the presumption [that the document has been received]."). Also, Plaintiff was required to check his work emails under Thermo Fisher's policies, a fact that he does not dispute in his declaration.

Plaintiff's lack of acknowledgement of the MDRA is likewise insufficient to undermine Thermo Fisher's motion. First, acknowledgement of the MDRA was not required. Indeed, the MDRA expressly notified employees in the last sentence: "By choosing not to opt out of this Agreement, you agree to be bound without signing it." (Doc. No. 8-4 [Raposa Decl.], ¶4 & Exhibit A.) Second, written acknowledgment is not required under California law for an arbitration agreement to be binding. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1094 (9th Cir. 2014) (affirming a district court's order finding that an employee assented to a revised arbitration agreement after the employer "satisfied the minimal requirements under California law for providing employees with reasonable notice" by sending a letter to all of its employees about its updated arbitration agreement); *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 245, (2012) (expressly rejecting actual notice requirement for arbitration agreements: "we decline to read additional unwritten procedural requirements, such as actual notice and meaningful reflection, into the arbitration statute."); *Shulak*, 2024 U.S. Dist. LEXIS 184230, at *9-*10 (finding agreement to arbitrate where employee "'never bothered to open or, much less, review'" the arbitration agreement presented electronically through email with identification of the location of the arbitration agreement and a follow up reminder email).

The authority on which Plaintiff relies does not support Plaintiff's position or permit Plaintiff to avoid individual arbitration under the circumstances here. *Pearson v. P.F. Chang's China Bistro*, 2015 U.S. Dist. LEXIS 184157, at *17 (S.D. Cal. Feb. 23, 2015) is inapposite because the decision in that case rested on lack of evidence showing that the plaintiff received notice of or a copy of the arbitration agreement. Further, the context is completely different from here because the agreement was presented in connection with a "new hire packet" provided during orientation. Here, the arbitration agreement was presented to an existing employee by initial email and three reminder emails all containing a hyperlink to the MDRA. *Bayer v. Neiman Marcus Holdings, Inc.*, 582 F. App'x 711, 713 (9th Cir. 2014) is distinguishable because the

arbitration agreement was presented by postal mail that included an acknowledgment form that required the employee's signature. *Id.* at 712. The plaintiff in that case not only refused to sign the agreement, but he also explained to his supervisors that he was refusing to be governed by the agreement *Id.* at 714. Here, Plaintiff was on inquiry or constructive notice of the MDRA. Further, by its terms, the MDRA did not require Plaintiff to sign it, stating: "By choosing not to opt out of this Agreement, you agree to be bound without signing it." To avoid the MDRA, Plaintiff had to opt-out. He did not do so. As such, Plaintiff is bound.

### C. Plaintiff Cannot Avoid Arbitration by Contending that the MDRA is Unconscionable.

Apart from challenging whether an agreement to arbitrate exists, Plaintiff did not challenge the validity or enforceability of the MDRA in general or its specific terms, nor did Plaintiff assert unconscionability as a defense to the MDRA in his opposition. As such, these issues are uncontested, and Plaintiff has waived any such arguments. *See Pac. Dawn LLC*, 831 F.3d at 1178 n.7.

## III. CONCLUSION

For the foregoing reasons and those set forth in its opening memorandum, Thermo Fisher's motion to compel arbitration should be granted, Plaintiff's class claims should be dismissed, and Plaintiff should be required to submit his individual claims to binding arbitration. This action should be stayed pending conclusion of the arbitration proceeding, including Plaintiff's representative PAGA claim, which under current law is not subject to arbitration.

DATED: June 27, 2025

JACKSON LEWIS P.C.

By: */s/ Gabriella S. Han*
Leo P. Norton
Lara P. Besser
Gabriella S. Han

Attorneys for Defendant
THERMO FISHER SCIENTIFIC INC.